UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENT BIOSCIENCES LLC, a Delaware limited liability company,<br><br>           Plaintiff,<br><br>      v.<br><br>MAERSK A/S, a Denmark corporation; MAERSK AGENCY, U.S.A., INC., a Delaware corporation; MAERSK LOGISTICS & SERVICES USA, INC., a Delaware corporation,<br><br>           Defendants. | 25 Civ. 1679 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff Valent Biosciences LLC brings this action against three separate entities affiliated with Maersk: Maersk A/S, Maersk Agency, U.S.A., Inc., and Maersk Logistics & Services USA, Inc. (collectively "Defendants"). Before the Court is Defendants' Motion to Dismiss under Rules 12(b)(2) and 12(b)(6).[1] ECF No. 26. Upon review of the pleadings, the Court concludes that Plaintiff has established this Court's jurisdiction over all Defendants and has adequately stated a claim. Accordingly, the Court **DENIES** the Motion to Dismiss

## LEGAL STANDARDS

**Rule 12(b)(2).** "Plaintiffs opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction have the burden of establishing that the court has jurisdiction over the defendant." *Palmer v. eCapital Corp.*, No. 23 Civ. 4080, 2024 WL 3794715, at *4 (S.D.N.Y. Aug. 13, 2024). To meet this burden at the motion to dismiss stage, a plaintiff must plead facts that are legally sufficient for a showing of jurisdiction. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

196, 208 (2d Cir. 2001). The Court must "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008). But plaintiffs cannot meet their burden at the motion to dismiss stage simply by relying on "conclusory statements without any supporting facts." *Art Assure Ltd., LLC v. Artmentum GmbH*, No. 14 Civ. 3756, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014).

**Rule 12(b)(6).** To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

DISCUSSION

## I.    Jurisdiction

Defendants argue that one of the three entities in this suit—Maersk Logistics—is not subject to the jurisdiction of this Court because it was not a party to the "Bills of Lading" which identify the Southern District of New York as the exclusive forum for disputes. Compl., Exs. 2, 3, ECF Nos. 1-2, 1-3. "It is well established that parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020). "A signatory to a contract may invoke a forum selection clause against a non-signatory if the non-signatory is *closely related to one of the signatories* such that enforcement of the forum selection clause is *foreseeable* by virtue of the relationship between the signatory and the party sought to be bound." *Metro-Goldwyn-Mayer Studios Inc. v. Canal &*

2

*Distrib. S.A.S.*, No. 07 Civ. 2918, 2010 WL 537583, at *5 (S.D.N.Y. Feb. 9, 2010) (emphasis added).

As Plaintiff aptly notes, Maersk Logistics is integrally related to the other two Defendants in this matter. All three Defendants are wholly-owned subsidiaries of A.P. Moller-Maersk A/S. *See* Am. Rule 7.1 Corporate Disclosure Statement, ECF No. 32. And while Maersk Logistics was not party to the Bills of Lading, it did contract with Plaintiff regarding the shipping arrangement and selected Maersk A/S as the carrier. *See LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 160-61 (E.D.N.Y. 2012) (concluding that close business relationship was sufficient to enforce forum selection clause against non-signatory). It is thus entirely foreseeable that Maersk Logistics would be subjected to the forum selection clause present in its wholly-owned affiliates' Bills of Lading. *See Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 395 (S.D.N.Y. 2019) (declining to find jurisdiction through a forum selection clause where it was not foreseeable that Defendant could be subjected to contract). The Court concludes that this is sufficient for the Court impute Maersk A/S's consent to forum selection—and, thus, personal jurisdiction—to Maersk Logistics.

II.    **Forum Selection**

As a second argument, Defendants assert that the Utah Forum Selection clause should be applied to Maersk Logistics, while the New York forum selection clause applies to the other two Defendants. The initial contract between Plaintiff and Maersk Logistics specifies that all disputes shall be heard in the "State of Utah," Compl., Ex. 1, at 8 ¶ 21, ECF No. 1-1, while the Bills of Lading issued by the two other Maersk Defendants require that "any dispute relating to this bill of lading shall be governed by U.S. law and the United States Federal Court of the Southern District of New York is to have exclusive jurisdiction to hear all disputes in respect thereof." Compl. Exs. 2, 3, at 6 ¶ 26. Because the Court concludes that Maersk Logistics has consented to jurisdiction

3

in the Southern District of New York as well as the forum selection clause in the Bills of Lading, the Court must determine which of the two forum selection clauses to enforce.

When faced with two or more conflicting forum selection clauses, federal courts rarely enforce all of them "out of concern for wasting judicial and party resources." *See, e.g., Jones v. Custom Truck & Equip., LLC*, No. 10 Civ. 611, 2011 WL 250997, at *4 (E.D. Va. Jan. 25, 2011). This is because "enforcement of all of the conflicting forum selection clauses would result in litigation of identical claims and issues in multiple forums." *Samuels v. Medytox Sols., Inc.*, No. 13 Civ. 7212, 2014 WL 4441943, at *4 (D.N.J. Sept. 8, 2014). Courts generally look to factors akin to the § 1404(a) venue transfer analysis in making such a determination. *Id.* at 8-10. These factors include:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*UGX Brands, LLC v. City of Norfolk*, No. 24 Civ. 5839, 2026 WL 124374, at *2 (S.D.N.Y. Jan. 16, 2026).

The Court concludes that it would be improper to enforce the Utah forum selection clause. Forcing Plaintiff to litigate this case simultaneously in Utah and New York against three wholly-owned subsidiaries of the same company over factual issues arising entirely from the same shipping contract makes little sense. *See Samuels*, 2014 WL 4441943, at *10. It would also raise the prospect of conflicting judgments. *See Goggins v. All. Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228, 235 (S.D.N.Y. 2003). And it would allow the various Maersk entities to point fingers at the other(s) that is/are not present in that proceeding, potentially denying Plaintiff any relief. *See Nock v. Spring Energy RRH, LLC*, No. 23 Civ. 1042, 2025 WL 2046196, at *8 (S.D.N.Y. July 22, 2025)

(noting that potential of an "empty-chair" defense weighed in favor of keeping a case consolidated in a single forum).  Utah law also appears to be analogous to that of New York on matters of contract.  *See infra* Section III.  Accordingly, the Court finds it proper to try these related issues, against all relevant Maersk Defendants, in one case, in New York.

### III.    Breach of Contract

Under Utah law, which governs the Transportation Agreement with Maersk Logistics, "[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Duke Cap. LLC v. Proctor*, 531 P.3d 745, 756 (Utah Ct. App. 2023).  It appears plain from Plaintiff's complaint that each of these elements is satisfied.  Plaintiff alleges that (1) it contracted with Defendants for shipment, (2) it paid for the shipment, (3) Defendants breached the agreement by improperly shipping the containers separately, and (4) Plaintiff suffered damages in the form of $744,228.90 in storage fees.  *See* Compl. ¶¶ 31-46, ECF No. 1.  Accordingly, the motion to dismiss under Rule 12(b)(6) is denied.

### CONCLUSION

Based on the above, Defendants' Motion to Dismiss is **DENIED.**  The Clerk of Court is respectfully directed to terminate ECF No. 26.


SO ORDERED.

Dated: February 9, 2026

New York, New York


_____
DALE E. HO
United States District Judge

5